**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

| | |
|---|---|
| **The Catholic Store, Inc. d/b/a Queen of Angels Catholic Bookstore,** | |
| *Plaintiff,* | Civil Action No.:    3:23-cv-00192 |
| v. | |
| **City of Jacksonville,** | **Plaintiff's Preliminary Injunction Motion** |
| *Defendant.* | *Oral Argument Requested* |

Under Federal Rule of Civil Procedure 65, Plaintiff Queen of Angels Catholic Bookstore moves for a preliminary injunction to stop the Defendant from violating the First and Fourteenth Amendments of the Constitution of the United States.

Queen of Angels asks that the Court enjoin the Defendant, its officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this order from doing the following:

- Enforcing Jacksonville's Privilege Clause (Jacksonville, Fla. Code § 402.201(a)) to require Queen of Angels to refer to customers and

store visitors using pronouns and titles that do not reflect their biological sex;

- Enforcing Jacksonville's Privilege Clause (Jacksonville, Fla. Code § 402.201(a)) to prevent Queen of Angels from adopting a written pronoun policy (Verified Complaint Exhibit A) of referring to customers and store visitors using only those pronouns consistent with their biological sex;

- Enforcing Jacksonville's Denial and Unwelcome Clauses (Jacksonville, Fla. Code § 406.201(b)) to prevent Queen of Angels from posting or distributing in store or on its store website its desired pronoun blog (Verified Complaint Exhibit B) or materially similar statements in store, on its website, or to store employees.

- Enforcing Jacksonville's Denial and Unwelcome Clauses (Jacksonville, Fla. Code § 406.201(b)) to prevent Queen of Angels from posting or distributing its desire pronoun policy (Verified Complaint Exhibit A) or materially similar statements in store, on its website, or to store employees.

- Enforcing Jacksonville's Unwelcome Clause (Jacksonville, Fla. Code § 406.201(b)) facially against anyone or to prevent Queen of Angels from expressing in store, on its website, or to store employees its Catholic beliefs about human sexuality, the creation of human

2

beings as male and female, the immutability of biological sex, God's design for people to live consistent with their God-given sex, God's design for marriage to be exclusively between one man and one woman, and God's design for sexual activity to be practiced only between a man and woman who are married and not under other circumstances.

Absent a preliminary injunction, Queen of Angels will suffer irreparable harm: the continued violation of its rights guaranteed by the United States Constitution. Queen of Angels is also likely to succeed on the merits, the preliminary injunction serves the public interest, and the balance of the equities favors Queen of Angels. In support of its motion, Queen of Angels relies on any oral argument permitted and on the following documents:

- Plaintiff's Verified Complaint and the exhibits accompanying it;

- Plaintiff's Memorandum of Law in Support of Plaintiff's Preliminary Injunction Motion;

- Christie DeTrude's Declaration in Support of Plaintiff's Preliminary Injunction Motion, dated February 22, 2023, and the documents accompanying it;

- Henry W. Frampton's Declaration in Support of Plaintiff's Preliminary Injunction Motion, dated February 22, 2023, and the documents accompanying it;

- Any supplemental declaration in support of Plaintiff's preliminary injunction motion and related documents; and

- Plaintiff's reply in support of its preliminary injunction motion (if filed) and supporting documents (if any).

Queen of Angels also asks this Court to waive any bond because this requested injunction serves the public interest by vindicating First and Fourteenth Amendment rights. *See BellSouth Telecommunications, Inc. v. MCIMetro Access Transmission Servs., LLC*, 425 F.3d 964, 970–71 (11th Cir. 2005) (upholding district court's decision to not to set a bond requirement given the strength of the arguments and the public interest involved).

Queen of Angels also requests oral argument to be heard at a time and date set by the Court. Local Civil Rules, Rule 3.01(h).

Respectfully submitted this 22nd day of February, 2023.

Jonathan A. Scruggs*
Arizona Bar No. 030505
Henry W. Frampton, IV*
South Carolina Bar No. 75314
**Alliance Defending Freedom**
15100 N. 90th Street
Scottsdale, Arizona 85260
(480) 444-0020
(480) 444-0028 Fax
jscruggs@ADFlegal.org
hframpton@ADFlegal.org

Rachel Csutoros*
Virginia Bar No. 97783
**Alliance Defending Freedom**
44180 Riverside Parkway
Lansdowne, Virginia 20176
(571) 707-4655
(571) 707-4656 Fax
rcsutoros@ADFlegal.org

By: *s/ Patrick Leduc*
Patrick Leduc
Florida Bar No. 964182
**Law Offices of Patrick Leduc, P.A.**
4809 E. Busch Blvd., Suite 204
Tampa, Florida 33617
(813) 985-4068
(813) 333-0424 Fax
Patrick.Leduc@ymail.com

*Counsel for Plaintiff*

*Pro Hac Vice Admission pending*

## Certificate of Service

I hereby certify that on the 22nd day of February, 2023, I electronically filed the foregoing document with the Clerk of Court using the ECF system. The foregoing document will be served via private process server with the Summons and Complaint to all defendants.

By: *s/ Patrick Leduc*
Patrick Leduc
Florida Bar No. 964182
**Law Offices of Patrick Leduc, P.A.**
4809 E. Busch Blvd., Suite 204
Tampa, Florida 33617
(813) 985-4068
(813) 333-0424 Fax
Patrick.Leduc@ymail.com

6