IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| **The Catholic Store, Inc. d/b/a Queen of Angels Catholic Bookstore,** *Plaintiff,* v. **City of Jacksonville,** *Defendant.* | Civil Action No.:   3:23-cv-00192 **[PROPOSED] Order Granting Plaintiff's Motion for Preliminary Injunction** |

This matter comes before this Court on Plaintiff's Motion for Preliminary Injunction. In determining whether to grant this motion, this Court has considered whether (1) there is a substantial likelihood of success on the merits; (2) there is irreparable harm; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest. *NetChoice, LLC v. Att'y Gen., Fla.*, 34 F.4th 1196, 1209 (11th Cir. 2022). This Court, having reviewed the motion and being otherwise sufficiently advised, finds as follows:

1. Plaintiff has established that its First Amendment rights would be irreparably harmed absent a preliminary injunction. *See Fort Lauderdale*

*Food Not Bombs v. City of Fort Lauderdale*, 11 F.4th 1266, 1286 (11th Cir. 2021) ("The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury.").

    2.    Plaintiff has established a strong likelihood of success on the merits of its First Amendment free-speech and Fourteenth Amendment due-process claims.

    3.    Plaintiff has established that entry of a preliminary injunction is in the public interest because "the city has no legitimate interest in enforcing an unconstitutional ordinance." *KH Outdoor, LLC v. City of Trussville*, 458 F.3d 1261, 1272 (11th Cir. 2006).

    4.    Plaintiff has established that the balance of equities favors it because Jacksonville does not have an interest in enforcing a law in a way that is likely unconstitutional. *Id.* And Plaintiff has demonstrated significant hardship if the law is applied to it.

    5.    Because Defendant would not be harmed by the requested injunction, this Court concludes that requiring security under Fed. R. Civ. P. 65(c) is not appropriate in this case. *See BellSouth Telecommunications, Inc. v. MCIMetro Access Transmission Servs., LLC*, 425 F.3d 964, 970–71 (11th Cir. 2005) (upholding district court's decision to not to set a bond requirement given the strength of the arguments and the public interest involved).

    Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's Motion for Preliminary Injunction is GRANTED against Defendant.

2. Defendant and all those acting in concert with it are ENJOINED from enforcing the following:

- Jacksonville's Privilege Clause (Jacksonville, Fla. Code § 402.201(a)) to require Queen of Angels to refer to customers and store visitors using pronouns and titles that do not reflect their biological sex;

- Jacksonville's Privilege Clause (Jacksonville, Fla. Code § 402.201(a)) to prevent Queen of Angels from adopting a written pronoun policy (Verified Complaint Exhibit A) of referring to customers and store visitors using only those pronouns consistent with their biological sex;

- Jacksonville's Denial and Unwelcome Clauses (Jacksonville, Fla. Code § 406.201(b)) to prevent Queen of Angels from posting or distributing in store or on its store website its desired pronoun blog (Verified Complaint Exhibit B) or materially similar statements in store, on its website, or to store employees.

- Jacksonville's Denial and Unwelcome Clauses (Jacksonville, Fla. Code § 406.201(b)) to prevent Queen of Angels from

      posting or distributing its desire pronoun policy (Verified Complaint Exhibit A) or materially similar statements in store, on its website, or to store employees.

- Jacksonville's Unwelcome Clause (Jacksonville, Fla. Code § 406.201(b)) facially against anyone or to prevent Queen of Angels from expressing in store, on its website, or to store employees its Catholic beliefs about human sexuality, the creation of human beings as male and female, the immutability of biological sex, God's design for people to live consistent with their God-given sex, God's design for marriage to be exclusively between one man and one woman, and God's design for sexual activity to be practiced only between a man and woman who are married and not under other circumstances.

3. The requirement of security under Fed. R. Civ. P. 65(c) is waived due to the lack of harm to Defendant.

Done this _____ day of _____, 2023.

                                                    UNITED STATES DISTRICT JUDGE