# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

| | |
|---|---|
| **The Catholic Store, Inc. d/b/a Queen of Angels Catholic Bookstore,** | Civil Action No: 3:23-cv-00192-TJC-MCR |
| *Plaintiff,* | **Plaintiff's Brief About Jacksonville's Religious Exemption** |
| v. | |
| **City of Jacksonville**, | |
| *Defendant.* | |

## Introduction

While for-profit entities can qualify for the religious-organization exemption, Jacksonville has never indicated in a binding way that Queen of Angels qualifies.[1] The bookstore faces a credible threat of enforcement.

### I. Title VII's religious organization exemption can, but often does not, cover for-profit entities.

Courts use multi-factorial approaches to evaluate when to apply Title VII's religious exemption. *See Emily S. Fields, VII Divided by Four: The Four-Way Circuit Split over the Title VII "Religious Organization" Exemption*, 63 Wayne L. Rev. 55 (2017) (surveying these approaches). While the Eleventh Circuit has only evaluated whether the exemption applies to a religious school, other circuits have set forth tests considering up to nine factors, such as whether the entity operates for profit, its purpose, its affiliation with a church or ministry, whether it offers secular products, uses prayer or other forms of worship, or holds itself out as religious. *Id.*

Of these factors, Queen of Angels satisfies many, such as selling primarily Catholic products (Compl. ¶ 8), conducting prayer in store (¶¶ 35–40, 50–53), holding itself out as a Catholic business (¶¶ 18–24), and establishing its purpose as a "beacon" for Catholicism in the community (¶ 17). Thus, the bookstore should qualify for the exemption. *See Burwell v.*

---

[1] Because § 406.104(k) incorporates the religious organization exemption in Title VII, this memorandum relies on Title VII caselaw.

1

*Hobby Lobby Stores, Inc.*, 573 U.S. 682, 716–17 (2014) (noting that Congress did not explicitly exclude for-profits from Title VII exemption); *Spencer v. World Vision, Inc.*, 633 F.3d 723, 734 n.13 (9th Cir. 2011) (O'Scannlain, J., concurring) (admitting Supreme Court "left open the question of whether a for-profit entity could ever qualify for a Title VII exemption.").

But the bookstore does not meet other factors that courts consider. It is a for-profit, not funded or formally affiliated with any church or ministry (Compl. ¶¶ 7-10). *See, e.g., Spencer*, 633 F.3d at 734-35 (O'Scannlain, J., concurring) (considering these factors); *EEOC. v. Townley Eng'g & Mfg. Co.*, 859 F.2d 610, 619 (9th Cir. 1988) (company that manufactured mining equipment did not qualify though it mailed religious tracts, printed Bible verses on official documents, financially supported churches and ministries, and held weekly devotionals); *Bear Creek Bible Church v. EEOC*, 571 F. Supp. 3d 571, 591–92, 609–10 (N.D. Tex. 2021) (health and wellness, vitamin and pharmacy businesses did not qualify though they hired only Christians, began day with prayer, and had core religious values). The open question in the caselaw—coupled with Jacksonville's refusal to disavow enforcement—indicates that the City's law at least *arguably* covers the bookstore and the bookstore faces a credible threat of enforcement.[2]

---

[2] Of course, the bookstore would be willing to formally stipulate with the City that it qualifies for the religious exemption.

## II. Queen of Angels has standing because the law arguably covers its desired behavior.

Queen of Angels only needs to show that the City's law *arguably* applies and that Jacksonville has not rebutted the presumption favoring enforcement. The bookstore has met these requirements.

*First*, some courts have refused to extend the exemption to for-profit entities. S*upra* I. This places the bookstore at substantial risk of enforcement. *Second*, the City has never indicated it has or would apply this exemption to Queen of Angels, much less done so in a binding way. In fact, the City has had multiple chances to raise this exemption before and during this litigation and refused to do so. Compl. ¶¶ 196–97. *Third*, the Eleventh Circuit and other courts have found pre-enforcement standing even when the government pinpointed a possible statutory exemption or affirmative defense (including Title VII's religious exemption).[3] So long as the challenged law *arguably* applies and the government has not affirmatively disavowed in a binding way, courts find standing. This Court should too.

---

[3] *W. Virginia ex rel. Morrisey v. U.S. Dep't of the Treasury*, 59 F.4th 1124, 1137–38 (11th Cir. 2023) (rejecting government's alternative interpretation to find standing); *Speech First, Inc. v. Cartwright*, 32 F.4th 1110, 1115 (11th Cir. 2022) (standing to challenge statute using multi-factorial test that would consider whether activity constituted "protected speech"); *Wollschlaeger v. Governor, Fla.*, 848 F.3d 1293, 1306 (11th Cir. 2017) (standing despite post-litigation clarification letter that was non-binding); *Doster v. Kendall*, 54 F.4th 398, 416 (6th Cir. 2022) (ripeness despite possible exemption because government pointed to "no evidence" exemption forthcoming); *Religious Sisters of Mercy v. Becerra*, 55 F.4th 583, 603–06 (8th Cir. 2022) (surveying cases where government refused to take clear, binding position and courts found credible threat); *Bear Creek Bible Church*, 571 F. Supp. 3d at 610 (pre-enforcement standing for highly religious for-profit business to challenge Title VII despite Title VII religious exemption).

Respectfully submitted this 11th day of May, 2023.

| | |
|---|---|
| Patrick Leduc | s/ Henry W. Frampton, IV |
| Florida Bar No. 964182 | |
| Law Offices of Patrick Leduc, P.A. | Jonathan A. Scruggs* |
| 4809 E. Busch Blvd., Suite 204 | Arizona Bar No. 030505 |
| Tampa, Florida 33617 | Henry W. Frampton, IV* |
| (813) 985-4068 | South Carolina Bar No. 75314 |
| (813) 333-0424 Fax | **Alliance Defending Freedom** |
| Patrick.Leduc@ymail.com | 15100 N. 90th Street |
| | Scottsdale, Arizona 85260 |
| | (480) 444-0020 |
| | (480) 444-0028 Fax |
| | jscruggs@ADFlegal.org |
| | hframpton@ADFlegal.org |
| | |
| | Rachel Csutoros* |
| | Virginia Bar No. 97783 |
| | **Alliance Defending Freedom** |
| | 44180 Riverside Parkway |
| | Lansdowne, Virginia 20176 |
| | (571) 707-4655 |
| | (571) 707-4656 Fax |
| | rcsutoros@ADFlegal.org |
| | |
| | *Counsel for Plaintiff* |

## Certificate of Service

I hereby certify that on the 11th day of May, 2023, I electronically filed the foregoing document with the Clerk of Court using the ECF system which will send notification of such filing to all counsel of record who are registered users of the ECF system.

                                          By: *s/ Henry W. Frampton, IV*
                                          Henry W. Frampton, IV
South Carolina Bar No. 75314*
Alliance Defending Freedom
15100 N. 90th Street
Scottsdale, AZ 85260
Telephone: 480–444–0020
hframpton@ADFlegal.org

*Attorney for Plaintiff*
* Admitted *Pro Hac Vice*