IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| **The Catholic Store, Inc. d/b/a Queen of Angels Catholic Bookstore,**<br><br> *Plaintiff,*<br><br>v.<br><br>**City of Jacksonville**,<br><br> *Defendant.* | Civil Action No: 3:23-cv-00192-TJC-MCR<br><br>**Consent Order** |

 This matter comes before the Court on Queen of Angels' and Jacksonville's jointly proposed Consent Order. Doc. 49.

 After Queen of Angels filed its motion for a preliminary injunction and Defendant City of Jacksonville filed its motion to dismiss, the Court requested supplemental briefing on whether Queen of Angels qualifies for the religious organization exemption set forth in Jacksonville Code §§ 406.104(k) and 406.302(f).

 Following a hearing, the Court denied the motion for preliminary-injunction, granted the motion to dismiss without prejudice, and instructed Queen of Angels to file an amended complaint. Doc. 43. Queen of Angels refiled its amended complaint on July 7, 2023. Doc. 44. The Court also held

1

that Queen of Angels has standing to pursue constitutional and statutory challenges to what Queen of Angels called the Denial Clause and the Unwelcome Clause of Jacksonville's public-accommodations ordinance, both of which are contained in Jacksonville Code § 406.201(b). And the Court ordered the parties to address the threshold issue of whether Queen of Angels qualified for the religious-organization exemption through summary-judgment briefing.

On September 7, 2023, Queen of Angels and Jacksonville submitted a joint Consent Order and Declaration to the Court. Doc. 49. The Court declined to sign the Consent Order but noted the Court would be amenable to a disposition in which the parties agree between themselves that Jacksonville's Human Rights Ordinance does not apply to Plaintiff. Doc. 50.

## The Parties' Settlement

In accordance with the Court's order and by the signature of their counsel below, both Queen of Angels and Jacksonville agree and stipulate to the following.

1. Jacksonville's law defines "religious organization" as follows:

   *Religious Organization* shall mean and include churches, synagogues, mosques, and schools of religious instruction and non-profit institutions or organizations affiliated therewith, as well as any "religious corporation, association or society." The phrase "religious corporation, association or society"

2

>     shall be interpreted consistent with Section 2000e-
>     (1)(a), United States Code.

Jacksonville Code § 406.104(k).

2. Under Jacksonville's law, religious organizations are exempt from Jacksonville Code §§ 406.201(a)–(b) as to sexual-orientation and gender identity-discrimination. Jacksonville Code § 406.302(f).

3. To determine whether an entity is "a religious corporation" under 42 U.S.C. § 2000e-1(a) ("Title VII"), courts look at "[a]ll significant religious and secular characteristics" to determine if the corporation's purpose is primarily religious." *LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n*, 503 F.3d 217, 226 (3d Cir. 2007).

4. Courts use an assortment of factors to determine if an entity qualifies for the religious exemption: whether the entity operates for profit, its purpose, its affiliation with a church or ministry, whether it offers secular products, uses prayer or other forms of worship, and holds itself out as religious. *Id.*; *see E.E.O.C. v. Townley Eng'g & Mfg. Co.*, 859 F.2d 610, 618–19 (9th Cir. 1988).

5. Both Queen of Angels and Jacksonville agree to the following relevant and undisputed facts:

>     a. Queen of Angels Catholic bookstore is a for-profit
>     corporation. Verified Am. Compl. ¶ 6, Doc. 44.

3

      b.    Christie DeTrude, an individual, owns, operates, and receives all profits from the bookstore. *Id.* ¶¶ 8, 11.

      c.    Queen of Angels is not funded, operated by, nor formally affiliated with any church or ministry. *Id.* ¶ 9.

      d.    No formal religious entity participates in the management of the bookstore. *Id.* ¶ 8–9, 11.

      e.    Queen of Angels sells primarily but not exclusively Catholic products. *Id.* ¶ 7.

      f.    Queen of Angels conducts prayer in its store throughout the day. *Id.* ¶¶ 36–41, 51–54.

      g.    Queen of Angels holds itself out to the public as a Catholic business. *Id.* ¶¶ 18–24.

      h.    Queen of Angels expresses itself as a "Catholic Store" in its articles of incorporation. *Id.* ¶ 10.

      i.    Queen of Angels established its purpose as a "beacon" for Catholicism for the community. *Id.* ¶ 17.

6.    Considering the above factors, Jacksonville and Queen of Angeles hereby agree that Queen of Angels is a religious organization under Jacksonville's religious-organization exemption. Jacksonville Code § 406.302(f).

7. Jacksonville and Queen of Angels agree that Queen of Angels is hereby exempt from Jacksonville Code §§ 406.201(a)–(b) as to sexual orientation and gender identity. Jacksonville Code § 406.302(f).

8. Based on their agreement as set forth in this Consent Order, Jacksonville and Queen of Angels, the parties request that the Court enter this Consent Order reflecting their agreement, dismiss this case with each party to bear its own fees and costs, and retain jurisdiction to enforce the settlement agreed to herein.

**The Court's Acceptance of the Parties' Settlement and Dismissal**

Having reviewed the parties' settlement and without determining the facts and issues set forth therein, the Court agrees that the settlement fully resolves this matter and therefore dismisses the case with each party to bear its own fees and costs. This Court shall retain jurisdiction over this matter for the purposes of enforcing the terms of this Consent Order.

By the Court:

_____
Judge Timothy J. Corrigan

We hereby consent to the form and entry of the above order:

s/ Craig D. Feiser                              s/ Henry W. Frampton, IV

CRAIG D. FEISER                          Jonathan A. Scruggs*
Assistant General Counsel            Arizona Bar No. 030505
Florida Bar No. 164593                  Henry W. Frampton, IV*

5

CFeiser@coj.net;
BOsburn@coj.net
LAURA J. BOECKMAN
Assistant General Counsel
Florida Bar No.: 527750
LBoeckman@coj.net;
BOsburn@coj.net
117 West Duval Street, Suite 480
Jacksonville, Florida 32202
(904) 255-5100 (Telephone)
(904) 255-5120 (Facsimile)

*Counsel for Defendant*

South Carolina Bar No. 75314
**Alliance Defending Freedom**
15100 N. 90th Street
Scottsdale, Arizona 85260
(480) 444-0020
(480) 444-0028 Fax
jscruggs@ADFlegal.org
hframpton@ADFlegal.org

Rachel Rouleau*
Virginia Bar No. 97783
**Alliance Defending Freedom**
44180 Riverside Parkway
Lansdowne, Virginia 20176
(571) 707-4655
(571) 707-4656 Fax
rrouleau@ADFlegal.org

Patrick Leduc
Florida Bar No. 964182
Law Offices of Patrick Leduc, P.A.
4809 E. Busch Blvd., Suite 204
Tampa, Florida 33617
(813) 985-4068
(813) 333-0424 Fax
Patrick.Leduc@ymail.com

*Counsel for Plaintiff*

## Certificate of Service

I hereby certify that on October 25, 2023, I electronically filed the foregoing document with the Clerk of Court using the ECF system which will send notification of such filing to all counsel of record who are registered users of the ECF system.

By: <u>*s/ Henry W. Frampton, IV*</u>
Henry W. Frampton, IV
South Carolina Bar No. 75314*
Alliance Defending Freedom
15100 N. 90th Street
Scottsdale, AZ 85260
Telephone: 480–444–0020
hframpton@ADFlegal.org

*Attorney for Plaintiff*
* Admitted *Pro Hac Vice*