**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

THE CATHOLIC BOOKSTORE,
INC. dba Queen of Angels Catholic
Bookstore,

    Plaintiff,

v.                                      Case No. 3:23-cv-192-TJC-MCR

CITY OF JACKSONVILLE,

    Defendant.

## O R D E R

This case is before the Court on the parties' second attempt at proposing a Consent Order for the Court's consideration. (Doc. 51). Previously, the Court declined entry of the Consent Order and Declaration proposed by the parties because it asked the Court to render a precedential decision without adjudicating the case on its merits. (Docs. 49; 50). The parties then filed a new Consent Order; but the Court similarly declines to enter it. (Doc. 51). The newest iteration still reflects a judicial opinion on the merits of the case. Instead, the Court is willing to enter a Consent Order stating the following:

"This case comes before the Court on the parties' request that the Court enter a Consent Order (Docs. 49; 51). To resolve the case, the Court makes the following findings:

1. Plaintiff Queen of Angels Catholic Bookstore (QOA) filed a Complaint (Doc. 1) challenging Jacksonville's Human Rights Ordinance (HRO) and alleging violations of its First and Fourteenth Amendment rights.

2. Plaintiff also filed a Motion for Preliminary Injunction (Doc. 4), which the Court denied (Doc. 43).

3. The Court required supplemental briefing on the religious organization exception in the HRO and whether the exception applied to QOA. Id. at 13–15; Jacksonville Code § 406.302(f).

4. Plaintiff then filed an Amended Complaint (Doc. 44) and Defendant moved for summary judgment, to which Plaintiff responded (Doc. 45; 46).

5. The Court never ruled on whether the HRO's religious organization exception applied to QOA, nor the motion for summary judgment. Thus, the Court has made no factual findings or adjudication and this Consent Order is not intended to be precedential on the religious organization exception.

6. The parties have now entered into a settlement agreement that resolves all claims in this matter. In the settlement agreement, the parties agreed the religious organization exception in the HRO applies to Plaintiff based on a series of stipulated facts and that QOA is exempt from Jacksonville Code §§ 406.201(a)–(b), as it pertains to sexual orientation and gender identity. Jacksonville Code § 406.302(f).

7. The parties enter into this Consent Order to voluntarily resolve all claims arising from the conduct alleged in the Amended Complaint and dismiss this action.

8. This case is **DISMISSED with prejudice** with each party to bear its own fees and costs.

9. The Court retains jurisdiction to enforce the terms of this Consent Order.

10. The Clerk should close the file."

No later than **December 8**, **2023**, the parties shall file a notice stating whether they agree to the entry of this proposed Consent Order. If the parties do not agree, then the parties should submit a new proposed Consent Order or otherwise identify how the Court should proceed.

**DONE AND ORDERED** in Jacksonville, Florida the 22nd day of November, 2023.



TIMOTHY J. CORRIGAN
United States District Judge

ksm
Copies:
Counsel of Record